*1140 The opinion of the court was delivered by
Breaux, J.
The plaintiff was the owner of two Iocs of ground, numbered 3 and 4 (less eight feet on Second street), on a plan numbered 41.
In his suit, which he alleges is one of jactitation, he sets forth that he became the owner by purchase of these lots from Mrs. Cornelia A. Calmes, .widow of W. C. Black, and others. That the Recorder of Mortgages has recorded a copy of the delinquent tax roll for 1884, in the name of Widow Cornelius Black, amounting to one hundred and sixty-two dollars and sixty-eight cents in principal. That this inscription is null, because the property was not assessed in the name of the owner, and for the further reason that the property was not correctly described upon the assessment roll. That it was described as parts of lots 3 and 4, despite the fact that the property’s correct description is lot 3 and part of lot 4. That the taxes were prescribed.
The plaintiff also alleges that the city of New Orleans pretends to own the property under a pretended adjudication, based on the void assessment for 1884, duly registered, and that this fraudulent title is a cloud and slander on his title, which he prays to have cancelled.
The defendant, the city of New Orleans, through her counsel, denies that plaintiff is the owner of the property, and sets up the validity of her title, and in the alternative prays (should the court annul the adjudication) that the property be decreed liable for the tax. The sheriff by whom the property was sold under the provisions of Act 155 of the legislative session of 1894, was brought in as a nominal party to the suit.
Plaintiff’s vendor had acquired title in 1880. In the deed by Mrs. Calmes, Widow Black (bearing date 21st May, 1884) to the plaintiff, the latter assumed the payment of the taxes for 1884. The assessment under the Act 96 of 1882, was completed on the 1st day of June) 1884.
The tax collector’s certiñacte admitted in evidence, shows that from 1881 to 1884 the property was assessed in the name of Widow C. Black. In the delinquent list, filed in the mortgage office, the name of the owner is inserted as Mrs. Cornelius Black. The same error appears in the list of the comptroller.
The notice that issued prior to the seizure was addressed to Mrs. Cornelius Black and to the plaintiff.
*1141 In the assessment roll the lots are described as parts of lots 3 and 4, while the correct description is as before mentioned.
The only evidence offered by the defendant, the city of New Orleans, is the notice to the tax payer to come forward and pay, with the endorsement thereon, signed by a service clerk, dated November 22, 1888, making return that he had personally served the notice on the plaintiff.
The latter testified that he had no recollection of such a service.
WITH REFERENCE TO THE TITLE IN QUESTION OF THE DEFENDANT CITY.
Under Act 155 of 1894 the city of New Orleans is authorized to offer for sale, by public auction, after the required delays and formalities, all immovable property it owns under adjudication for the taxes of 1880 and subsequent years. The property having been thus adjudicated in 1891, it was this sale that the plaintiff enjoined upon the grounds before stated.
With the exception to the notice to the tax debtor, to which we have already referred, the city has not offered any evidence of title whatever.
The evidence introduced by the plaintiff does not prove that a valid sale has been made.
Without some testimony showing that a valid sale has been made, this court is without authority to determine that title to the property has passed under the revenue law of 1882.
There are formalities, essential in their character, that must be shown in order to sustain title to property adjudicated at tax sale.
The defendant here was not relieved from the necessity of offering some proof of title.
Plaintiff’s right to an order to the proper officer to cancel the recorded lien and privilege is the issue arising at this time. It is settled by a number of decisions that the tax lien and privilege is prescriptible. In the Succession of Stewart, 41 An. 127, the point was decided, and it has been since affirmed and reaffirmed.
The prescription pleaded is a bar to the lien and privilege. Succession of C. E. Girardey; Opposition of City of New Orleans, 44 An. 543.
The defendant, through counsel urges, if the sale be decreed null, that her rights be reserved to be passed upon in another action.
*1142 Our conclusion at this point of the case, requires in its support a review of the grounds of estoppel, pleaded by the plaintiff.
It was sought by the plaintiff to apply the principle announced in several decisions that the payment of part of the taxes on an assessment estopped the taxpayer from contesting the correctness of the assessment. In the cases cited there was no question as to who paid the tax. Here there is. It was not proposed to sell whole lots on an assessment of part of lots. The assessment in the case at bar was of part of lots 3 and 4.
The proposed sale was of lots 3 and 4.
It would serve no purpose to reserve right to sue, it being manifest that none exists.
Only part of lots having been assessed, it follows that the sale of an entire lot, under such an assessment, is null.
Moreover, there is confusion regarding the name of the owner. Mrs. Cornelia Black was not the name of the taxpayer. It was, at times, treated as if owned under that name.
The judgment is affirmed.